**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DRASHEA STEVENSON,**

    **Plaintiff,**

**v.**

    Case No. _____

**FRONTIER FLORIDA, LLC, a Florida
Limited Liability Company,**

    **JURY TRIAL DEMANDED**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff Drashea Stevenson ("Stevenson" or "Plaintiff"), by and through undersigned counsel, brings this Complaint against the Defendant, Frontier Florida, LLC, a Florida Limited Liability Company ("Frontier" or "Defendant"), and states as follows:

## PARTIES

1. Plaintiff Stevenson is an individual over 18 years of age and is thus *sui juris*.

2. Stevenson currently resides in Hillsborough County, Florida, and did at all times relevant to the allegations herein reside in Hillsborough County, Florida.

3. Defendant Frontier is a limited liability company authorized to do business in the state of Florida.

4. The causes of action asserted herein accrued in, and Frontier conducts business within, the City of Tampa city limits, in Hillsborough County, Florida.

**JURISDICTION AND VENUE**

5. This is an action under federal law; specifically, Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and related state and local law claims.

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Hillsborough County, which is located within the Middle District of Florida.

8. Furthermore, the Tampa Division is the proper division. M.D. Fla. Loc. R. 1.02(b)(4).

**GENERAL ALLEGATIONS**

9. Stevenson was employed by Frontier for approximately 16 years prior to his termination from employment on or about September 20, 2017.

10. During that time, he had no disciplinary issues and rose up the ranks, ultimately achieving the title of Director of Operations.

11. Stevenson was one of four such directors in the Tampa Bay area, all of whom performed the same functions.

12. The four directors simply managed different geographic areas.

13. One of the other directors was a woman named Rhonda Britto ("Britto").

14. Early in 2017, one of Stevenson's subordinates, Kyle Perkins ("Perkins"), informed Stevenson that he believed one of Frontier's vendors was overcharging for work performed.

15. The work that had been performed occurred in Britto's territory, not Stevenson's.

16. Nevertheless, Stevenson, wanting to do the right thing, took the concerns to Frontier's Vendor Management department.

17. Stevenson informed Britto that he was going to have a meeting with Vendor Management on the issue.

18. In February 2017, the Contract Administrator determined that the evidence of the vendor overcharge Stevenson had presented, which was only a photograph, was not sufficient to substantiate the vendor overcharging allegation or warrant a costly investigation into the matter.

19. Stevenson then instructed the local manager George Barrel ("Barrel") to meet with Perkins and Vendor Management, to discuss the issue.

20. Vendor Management reiterated to them that the investigation would not take place because of the lack of substantiating information.

21. Stevenson believed that this particular issue had been fully resolved.

22. Stevenson saw himself as a mentor to Britto, who had been a director for less time than he had.

23. As such, on March 3, 2017, Stevenson, along with Barrel and Perkins, met with Britto and Britto's manager, Joe Torch, to discuss the possible overcharging.

24. In that meeting, Stevenson communicated to Britto and the team that the only way to determine if Perkins's allegations were valid was for Britto to pay for the cost of excavating the buried cable, since the cable had been buried in her territory.

25. Britto opted not to take any action to determine the validity of the concerns about overcharging, instead opting to approve of the vendor's invoice on March 15, 2017.

26. During that March 3, 2017 meeting, Stevenson also informed those present that he would want to be more proactive in ensuring that venders were not overcharging Frontier.

27. Accordingly, Stevenson indicated that he would be using Perkins as his "eyes on the ground" to make sure that things were going forward correctly and the directors were fully-informed of issues and could make educated decisions about events in their respective territories.

28. Stevenson had also hoped that by having Britto be part of this discussion he could help train her in her position since she was still in a learning phase and because the possible vendor overcharging occurred in the territory.

29. On approximately September 2, 2017, Vice President Steve Snedeger ("Snedeger") contacted Stevenson while Stevenson was on vacation.

30. Snedeger raised the issue of the vendor overcharging, although the issue had been concluded, to Stevenson's knowledge, in March.

31. Snedeger asked about the documentation of the overcharging and about any conversations that Stevenson had had with Britto on the subject.

32. Snedeger's tone during the phone call was very hostile.

33. Snedeger went so far as to accuse Stevenson of taking "kickbacks" from the overcharging vendor.

34. That accusation by Snedeger was not only unfounded, it was inappropriate, slanderous, and insulting to Stevenson—a man who had dedicated over 15 years of his working life to Frontier.

35. Stevenson, however, respectfully responded to Snedeger, indicating that he had discussed the possible vendor overcharging with Britto and had taken up the matter with the contract administrator who had declined to investigate the matter further.

36. Stevenson reiterated that the possible vendor overcharging occurred in Britto's territory, not his.

37. Nevertheless, Stevenson, who had gone above and beyond to assist Frontier in vetting out possible vendor overcharging, was unceremoniously terminated on September 20, 2017.

38. Meanwhile, to the best of Stevenson's knowledge, Britto remains employed and only received a written reprimand.

39. Stevenson was a dedicated employee of Frontier who, in 2012, had earned the Credo Award, which is one of Frontier's highest honors.

40. Stevenson was a top performer, who was ranked second out of 40 directors in terms of financial performance for Frontier, which would have made him eligible for significant bonuses.

41. Stevenson believes he was on target to become a vice president within five years—a goal which was robbed from him by Frontier's unlawful actions, as described herein.

42. Stevenson wanted to stay with Frontier; but because of the unlawful discrimination, he was unable to do so.

43. Stevenson also believes that other opportunities with comparable companies have been foreclosed to him as a result of Frontier's unlawful actions.

44. Stevenson fulfilled all conditions precedent and/or administrative prerequisites to the causes of action herein, to the extent required, and this action is timely-filed thereafter. (Comp. Exh. A.)

## COUNT I (SEX DISCRIMINATION IN VIOLATION OF TITLE VII)

45. Stevenson reaffirms and realleges paragraphs 1-44 above.

46. At all relevant times the Defendant had 15 or more employees.

47. Stevenson was employed by the Defendant.

48. Thus, the Defendant was Stevenson's "employer" within the meaning of Title VII.

49. Stevenson was and is in a protected class based upon his sex, male.

50. Britto is a similarly-situated individual outside of Stevenson's protected class, in that Britto is female and her employment was comparable to Stevenson's in all relevant respects.

51. Britto was treated more favorably than Stevenson based at least in part on Stevenson's sex.

52. Stevenson suffered an adverse employment action when he was terminated from his employment with the Defendant.

53. Britto was not terminated from her employment with the Defendant, despite having engaged in the behavior that Stevenson was accused of engaging in.

54. Thus, Stevenson was discriminated against on the basis of his sex within the meaning of Title VII.

55. As a direct and proximate result of the Defendant's unlawful employment actions, Stevenson has suffered and will continue to suffer damages into the indefinite future.

56. Stevenson is incurring costs and has retained the services of undersigned counsel, to whom he is obligated to remit a fee, in connection with the pursuit of his legal rights.

WHEREFORE, Stevenson demands that the Court enter judgment against the Defendant for the following:

  a. Back wages and benefits;

  b. Reinstatement or front pay;

  c. Emotional distress, including mental anguish, pain, suffering, and loss of the ability to enjoy life;

  d. Attorneys' fees and costs;

  e. Pre-judgment interest; and

f.  Any other relief the Court deems just and proper.

## COUNT II (SEX DISCRIMINATION IN VIOLATION OF THE FCRA)

57. Stevenson reaffirms and realleges paragraphs 1-44, 46-47, 49-53, and 55-56, above.

58. The Defendant was Stevenson's "employer" within the meaning of the Florida Civil Rights Act of 1992 ("FCRA").

59. Stevenson was discriminated against on the basis of his sex within the meaning of FCRA.

60. The Defendant's actions were taken with reckless disregard for Stevenson's protected rights under the FCRA, in that the Defendant is a large and well-established corporation which could and should have been fully aware of state and local laws prohibiting discrimination.

61. The Defendant's callousness is further evidenced by Snedeger's behavior toward Stevenson, including falsely accusing him of receiving "kickbacks" from vendors and yelling at him while Stevenson was on vacation.

WHEREFORE, Stevenson demands that the Court enter judgment against the Defendant for the following:

a.  Back wages and benefits;

b.  Reinstatement or front pay;

c.  Emotional distress, including mental anguish, pain, suffering, and loss of the ability to enjoy life;

d.  Attorneys' fees and costs;

e.  Pre-judgment interest;

f.  Punitive damages; and

g.  Any other relief the Court deems just and proper.

## COUNT III (SEX DISCRIMINATIN IN VIOLATION OF THE CITY OF TAMPA HUMAN RIGHTS ORDINANCE)

62. Stevenson reaffirms and realleges paragraphs 1-44, 47, 49-53, 55-56, and 60-61 above.

63. At all times relevant hereto, the Defendant employed 5 or more individuals who worked at least 30 hours per week in each of the 13 or more calendar weeks in 2017 and/or the preceding year.

64. Thus, the Defendant was Stevenson's "employer" within the meaning of the City of Tampa Human Rights Ordinance ("the Ordinance").

65. The Defendant operates its business at a location within the City of Tampa's city limits and is therefore subject to the Ordinance's prohibition on sex discrimination.

66. Stevenson was discriminated against on the basis of his sex within the meaning of the Ordinance.

WHEREFORE, Stevenson demands that the Court enter judgment against the Defendant for the following:

a. Back wages and benefits;

b. Reinstatement or front pay;

c. Emotional distress, including mental anguish, pain, suffering, and loss of the ability to enjoy life;

d. Declaratory and injunctive relief;

e. Attorneys' fees and costs;

f. Pre-judgment interest;

g. Punitive damages; and

h.  Any other relief the Court deems just and proper.

## COUNT IV (RETALIATION IN VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT)

67.  Stevenson reaffirms and realleges paragraphs 1-44, 47, 49-53, and 55-56 above.

68.  At all times relevant hereto, the Defendant employed 10 or more individuals at all relevant times.

69.  Thus, the Defendant was Stevenson's "employer" within the meaning of the Florida Whistleblower's Act ("the Act").[1]

70.  Stevenson filed his Charge of Discrimination with the Equal Employment Opportunity Commission and affiliated FEPA agencies on or about December 30, 2017.

71.  Pursuant to regulations and agency guidance, the EEOC would have provided a copy of the Charge of Discrimination to the Defendant within 10 days of its receipt of the Charge.

72.  Therefore, upon information and belief, the Defendant would have received the Stevenson's Charge of Discrimination, wherein he alleged a violation of Title VII and the FCRA, by mid-January, 2018.

73.  Stevenson's Charge of Discrimination was a form of opposition to actions by the Defendant which were unlawful.

74.  Subsequently to the Defendant's receipt of the Charge of Discrimination, Stevenson was rejected from at least one employment opportunity for which he was eminently qualified.

75.  During the last stage of the hiring process, Stevenson advised the potential employer of his employment with and separation from the Defendant.

---

[1] Fla. Stat. § 448.101, *et seq.*

76. Upon information and belief, the potential employer contacted the Defendant to inquire about Stevenson, whereupon the Defendant gave Stevenson a negative review in retaliation for his having filed a Charge of Discrimination.

77. As a direct and proximate result of the Defendant's retaliation against Stevenson for his having opposed the Defendant's unlawful sex discrimination, Stevenson suffered damages; to wit: being denied employment by the potential employer.

WHEREFORE, Stevenson demands that the Court enter judgment against the Defendant for the following:

a. Back wages and benefits;

b. Reinstatement or front pay;

c. Emotional distress, including mental anguish, pain, suffering, and loss of the ability to enjoy life;

d. Declaratory and injunctive relief;

e. Attorneys' fees and costs;

f. Pre-judgment interest; and

g. Any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 17th day of June, 2019.

/s/ Shaina Thorpe
**SHAINA THORPE**
Florida Bar No. 0055464
Primary: shaina@thorpelawyers.com
Secondary: angel@thorpelawyers.com

**THORPE & THORPE, P.A.**
1228 East 7th Ave., Ste. 200
Tampa, Florida 33605
Telephone: (813) 400-0229
Fax: (813) 944-5223

*Counsel for Plaintiff Drashea Stevenson*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA<br>☒ EEOC | |
| Please dual-file with the FCHR | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Drashea O'Shawn Stevenson | 863-255-2886 | 8/24/1975 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5601 Fischer Drive | Lakeland, FL 33812-4281 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Frontier Florida, LLC | +15 | 813-403-1258 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3704 Third Avenue | Tampa, FL 33605 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest         Latest
                 09/20/2017

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Statement of Harm:** I am a male who was employed as a Director of Operations with the Respondent, Frontier Florida, LLC. I worked with the Respondent for 16 years at the time of my termination on September 20, 2017. I was told the reason for my termination was because I had not properly managed the allegations of vendor overpayment. However, the vendor at issue was not having any issues with charges in areas that fell within my physical scope of authority, rather, the vendor overcharge apparently occurred with the approval of another Operations Director named Rhonda Britto. Thus, this was Ms. Britto's responsibility, which she neglected. Nevertheless, Ms. Britto was only given a written reprimand, whereas I was terminated despite my impressive performance record.

I believe I have been discriminated against on the basis of my sex (male) in violation of Title VII of the Civil Rights Act of 1964 as amended, Florida Civil Rights Act of 1992 (Fla. Stat. § 760.01 et seq.) and the Tampa Human Rights Ordinance.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | *Denise Kay Banach* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Drashea Stevenson* |
| 10/11/17    *Drashea Stevenson*<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>Denise Kay Banach<br>COMMISSION #FF230673<br>EXPIRES: May 14, 2019<br>WWW.AARONNOTARY.COM |

Attorney of Record: Shaina Thorpe, Thorpe & Thorpe, P.A., 112 N. East Street, Suite A, Tampa, FL 33602

COMP. EXHIBIT A

EEOC Form 161-B (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Drashea Stevenson<br>5601 Fisher Drive<br>Lakeland, FL 33812 | From: Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2018-01630 | Jeffrey L. Nelson, Investigator | (813) 202-7914 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Evangeline Hawthorne*   MAR 2 0 2019

Evangeline Hawthorne,
Director

(Date Mailed)

Enclosures(s)

cc:  Melanie A. Zaharias, Esquire          Shaina Thorpe, Esquire
FRONTIER FLORIDA LLC                   1228 E. Street, Ste.200
111 N. Magnolia Ave., Ste. 1250        Tampa, FL 33605
Orlando, FL 32801

COMP. EXHIBIT A

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

COMP. EXHIBIT A